# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
KATHLEEN MINDLIN, et al.,

                Plaintiffs,

- against -

BURGER KING CORP., et al.,

                Defendants.
-----------------------------------------------------------X

**REPORT AND RECOMMENDATION**

CV 03-6003 (DRH) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

For the reasons set forth below, I recommend that the court partially vacate its order of February 7, 2005, Docket Entry ("DE") 32, to the extent that it dismissed with prejudice the claims of plaintiff Don Johnson ("Johnson").

I.    <u>Background</u>

On January 10, 2005, I issued a Report and Recommendation urging the court to enter an order pursuant to Rule 41(b) of the Federal Rules of Civil Procedure involuntarily dismissing with prejudice the claims of three plaintiffs, including Johnson. DE 24. My recommendation was predicated on the fact that Johnson had failed to participate in the discovery phase of this case, that he was out of contact with his counsel, and that there was no prospect for any change in those circumstances in the foreseeable future. In the absence of any objection, the Honorable Denis R. Hurley, United States District Judge, adopted my recommendation by order dated February 7, 2005. DE 32.

Thereafter, Johnson's counsel reported that his client had resumed contact and expressed an interest in participating in the instant litigation, and therefore asked Judge Hurley to "review" the order of dismissal on "consider the reinstatement" of Johnson's claims. In particular, counsel reported that Johnson had resumed contact on January 31, 2005 – one day after the expiration of

period in which he could timely have objected to my recommendation of dismissal. DE 35. Judge Hurley denied the requested relief, which he interpreted to be a motion for reconsideration. In particular, Judge Hurley noted that the request was untimely pursuant to Local Rule 6.3, and cited no other basis for denying the request. Endorsed order on DE 35 dated March 31, 2005.

Casting about for a correct procedural mechanism to achieve the desired result, Johnson's attorney then submitted a letter to me asking that I "consider a new recommendation to Judge Hurley to reinstate [Johnson's] claims." DE 38.[1] The defendants opposed the request, citing the lack of any appropriate procedural mechanism. DE 39. At the subsequent conference on April 29, 2005, *see* DE 41, I inquired whether in addition to the procedural objection, the defendants would suffer any appreciable prejudice from Johnson's reinstatement; counsel identified none. At the same conference, I indicated my inclination to grant the requested relief to allow litigation on the merits of Johnson's claim without unfair prejudice to the defendants, but noted that the procedural mechanism for achieving the result was not immediately apparent.

II.     Discussion

I start from the premise, which I recognized in my earlier recommendation, that involuntary dismissal is a harsh sanction that should be considered only where the circumstances show that it is appropriate and that no lesser sanction will suffice. *See* DE 24 at 2-3. Had the circumstances now before me obtained at the time, I would not have recommended Johnson's dismissal. For the same reason, I believe that it is equitable to reinstate Johnson now if (a) there

---

[1] Counsel's letter also asked me to consider a similar recommendation with respect to plaintiff Richard Carfora, apparently under the misimpression that the latter's claims had been dismissed as well. DE 38. Because they had not, that portion of counsel's request is moot.

is an appropriate procedural mechanism and (b) such relief is not inconsistent with Judge Hurley's order denying reconsideration. I believe both conditions are satisfied.

First, Federal Rule of Civil Procedure 60(b) explicitly provides that "[o]n motion and upon such terms as are just, the court may relieve a party ... from a judgment [or] order" for any one of a number of specified reasons, or for "any other reason justifying relief from the operation of the judgment." Moreover, the same rule expressly authorizes a court "to maintain an independent action to relieve a party from a judgment or order...."

Second, while I do not presume to know whether Judge Hurley had a broader agenda in mind, his endorsed order on counsel's letter seeking Johnson's reinstatement went no farther than to cite the technical unavailability of relief under Local Rule 6.3. By its terms, the order did not address the availability of any other form of procedural relief, nor did it suggest any view with respect to how Judge Hurley might exercise his discretion if given a procedurally appropriate way to do so. Rather than assume such discretion would be exercised against Johnson – an assumption that would be unjustified in light of the high standard for imposing involuntary dismissal on a party for discovery lapses – I must treat the question as open.

III.  Recommendation

For the reasons set forth above, I respectfully recommend that the court exercise its authority pursuant to Rule 60(b) to vacate the February 7, 2005, order of dismissal as to plaintiff Don Johnson.

IV.  Objections

This Report and Recommendation will be filed via the court's Electronic Case Filing system. Any objections to this Supplemental Report and Recommendation must be filed with the

Clerk of the Court within ten days.  Failure to file objections within this period waives the right to appeal the District Court's Order.  *See* 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

**SO ORDERED.**

Dated: Central Islip, New York
April 29, 2005

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge